Submitted March 4, order awarding costs vacated and remanded for reconsideration; otherwise affirmed June 22, petition for review denied November 10, 2011 (351 Or 318)

Daniel G. KOLLER, DVM,
*Petitioner,*

*v.*

VETERINARY MEDICAL EXAMINING BOARD,
*Respondent.*

Oregon Veterinary Medical Examining Board
20080015, 20080019, 20080031;
A145724

258 P3d 1285

Daniel G. Koller, DVM, JD, filed the briefs *pro se.*

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

**PER CURIAM**

Petitioner filed this petition for judicial review challenging the Veterinary Medical Examining Board's final order revoking his license to practice veterinary medicine and assessing petitioner $37,478.57 for the costs of the proceeding before the board. Petitioner assigns error to various actions by the board leading to its revocation of petitioner's license and also assigns error to various actions leading to the assessment of $37,478.57 in costs. With one exception, a discussion of the facts here would not benefit the bar, the administrative agency, or the public. The sole exception is the assessment of costs. We vacate the order awarding costs and remand the matter to the board so that it can supply this court with sufficient information to enable the court to engage in meaningful review of the board's order assessing costs of $37,478.57, *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 188, 957 P2d 1200 (1998), and otherwise affirm the board's order.

The facts regarding the assessment of costs are few and undisputed. In October 2008, the board issued an emergency license suspension and notified petitioner that the board intended to revoke his license. The notice stated that the board intended to impose costs as part of the proceeding. Petitioner requested a hearing. In February 2010, an administrative law judge (ALJ) issued a proposed order affirming the emergency license suspension and revoking petitioner's license. Petitioner filed exceptions. In April 2010, the board ordered that petitioner's license to practice veterinary medicine was revoked. In addition, petitioner was assessed $37,478.57 for the costs of the proceeding.

Petitioner raises multiple arguments as to why the board erred in assessing him costs. The board responds that ORS 686.150(5) authorizes the board to "assess to the individual the costs of the disciplinary proceedings." The board notes that ORS 183.635 requires the board to use an ALJ from the Office of Administrative Hearings. Further, ORS 183.665 requires the chief ALJ to notify each agency of the agency's share of anticipated expenses. Likewise, ORS 183.452 authorizes an agency to be represented by the Attorney General, and the Attorney General is authorized to

charge the agency for the deputy Attorney General's time in representing the agency.

We are unable to meaningfully review either of petitioner's arguments or the board's response because we lack a sufficient record. The board's entire decision concerning costs is that (1) it is appropriate that petitioner be assessed the costs of the proceeding, and (2) the costs of the proceeding are the costs of the Office of Administrative Hearings and the Department of Justice, which "to date" total $37,478.57. There is no explanation regarding either the time spent by the Office of Administrative Hearings or the Department of Justice. Nor is there an explanation of the hourly rate that either office seeks. Without additional information, this court is unable to meaningfully review the board's order assessing petitioner costs of $37,478.57.

Order awarding costs vacated and remanded for reconsideration; otherwise affirmed.