No. 813 September 10, 2025 423

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of

Amy C. LUECHTEFELD,
*Petitioner,*

*v.*

BOARD OF LICENSED PROFESSIONAL COUNSELORS
AND THERAPISTS,
*Respondent.*

Board of Licensed Professional Counselors and Therapists
2021074;
A180179

Argued and submitted March 4, 2024.

Kevin T. Lafky argued the cause for petitioner. Also on the briefs were James P. Francis and Lafky and Lafky.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Petitioner seeks judicial review of a final order issued by the Board of Licensed Professional Counselors and Therapists that subjected her to discipline after concluding that petitioner had violated provisions of the American Counseling Association Code of Ethics. Raising five assignments of error, petitioner challenges the board's legal conclusions and advances several procedural challenges with the final order. The board remonstrates that petitioner failed to preserve her arguments for judicial review and that, in any event, none of her claims provide a basis to reverse the final order. Having reviewed petitioner's arguments and the record, we affirm.

Because the parties are familiar with the undisputed background and procedural history, we do not set forth a detailed recitation of the facts in this nonprecedential memorandum opinion. Although the parties dispute preservation, even assuming petitioner preserved her arguments for judicial review, we reject petitioner's contentions on the merits. We begin with petitioner's first two assignments of error.

Petitioner argues that the board erred in adopting the ALJ's conclusion that petitioner violated two provisions of the Ethics Code by sending text messages to a client that included disclosing her fondness for the client and telling the client that she lost objectivity in her counseling relationship with the client. We review the board's order for errors of law and substantial evidence. ORS 183.482(8). Substantial evidence exists to support a factual finding "when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Moreover, the order must be supported by substantial reason, which exists where the board has articulated "the rational connection between the facts and the legal conclusion it draws from them." *Ross v. Springfield School Dist. No. 19*, 294 Or 357, 370, 657 P2d 188 (1982).

Petitioner first challenges the board's conclusion that petitioner violated Ethics Code A.1.a, which provides that the primary responsibility of counselors is to "respect

the dignity and promote the welfare of clients." Petitioner asserts that the board incorrectly construed the code provision, arguing that it is a subjective inquiry and that the board was required to consider the context of the situation, including giving weight to the client's testimony as to whether the client believed that the client's dignity and welfare were respected. We conclude that the board's order was supported by substantial evidence, including the text messages from petitioner to the client and the testimony of the board's expert witness, Dr. Eichler, who opined that petitioner had not put the client's needs first. Moreover, the board's conclusions were supported by substantial reason because the board explained why the text messages violated Ethics Code A.1.a, specifically that by "communicating with Client A in this manner, [petitioner] put her emotional needs ahead of Client A's welfare."

In addition, although petitioner argues that the board's order could not be based on substantial evidence or reason because it did not consider or rely on the client's testimony, that argument goes to the weight of the evidence. Our role on review is not to serve as a factfinder or to reweigh the evidence; rather, our job is to determine whether the board's order was supported by substantial evidence and reason. *See* ORS 183.482(7) (providing that "the court shall not substitute its judgment for that of the agency as to any issue of fact"); *Kerr v. Board of Psychologist Examiners*, 304 Or App 95, 117, 467 P3d 754, *rev den*, 367 Or 75 (2020) (explaining that "our task is to determine whether the record contains substantial evidence to have permitted the board's conclusion and substantial reason to have connected the facts with the conclusions reached").

In petitioner's second assignment, she argues that the board erred in adopting the ALJ's conclusion of law that she violated Ethics Code A.6.b, which governs counseling boundaries. Petitioner does not dispute that she extended counseling boundaries with the client, and instead she makes two specific arguments: (1) that the ethical standard is suggestive rather than mandatory, and (2) that the board conflated the standard in Ethics Rule A.6.b with A.6.c. Ethics Rule A.6.b provides, in part,

"Counselors consider the risks and benefits of extending current counseling relationships beyond conventional parameters. * * * In extending these boundaries, counselors take appropriate professional precautions such as informed consent, consultation, supervision, and documentation to ensure that judgment is not impaired and no harm occurs."

We are not persuaded by petitioner's arguments. We first conclude that the rule is a mandatory requirement that provides what counselors must consider when extending client boundaries and thus that the board properly interpreted and applied the rule.

Second, we disagree with petitioner's argument that the board conflated the standards in Ethics Rules A.6.b and A.6.c. The board's findings and conclusions were focused on the requirements of Ethics Rule A.6.b, which is evidenced by the board's conclusion that mirrors the language of the rule. Noting petitioner's lack of documentation of the boundary extensions and providing two examples, the board concluded that "there [is] no evidence that * * * [petitioner] considered the risks and benefits of her actions or that she took appropriate professional precautions to ensure that her judgment was not impaired and that no harm occurred." The board further noted that petitioner cited Ethics Rule A.6.c as a defense to the alleged violation, and the board explained that petitioner did not appropriately document her boundary extensions and therefore that, "contrary to [petitioner's] contention, she did not comply with ACA Code of Ethics Section A.6.c." Accordingly, we reject petitioner's second assignment of error.

Turning to the third assignment of error, petitioner argues that the board erred in failing to adequately consider the evidence and statements of an ethicist that petitioner spoke with about the ethical questions in this case, Dr. Fagundo, and that it should have considered the portions of the consultation that were favorable to petitioner. As explained above, our role is not to reweigh the evidence, and we do not disturb the board's decision to give Fagundo's statements the weight that it did in making its determinations. *See Kerr*, 304 Or App at 117; *see also Steele v. Water Resources Commission*, 248 Or App 229, 241, 273 P3d 243

(2012) (explaining that it is "the order" that must be supported by substantial evidence and that we "may not set aside or remand a final order, even if some findings are not supported by substantial evidence, unless the erroneous findings somehow affect the validity of the order"). Therefore, we reject petitioner's third assignment of error.

In the fourth assignment of error, petitioner argues that the ALJ erred by failing to assist her with the filing and presentation of evidence pursuant to ORS 183.417(8). We review procedural challenges to determine if "either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure, including a failure by the presiding officer to comply with the requirements of ORS 183.417(8)." ORS 183.482(7).  ORS 183.417(8) provides that the "officer presiding at the hearing shall ensure that the record developed at the hearing shows a full and fair inquiry into the facts necessary for consideration of all issues properly before the presiding officer in the case and the correct application of the law to those facts." Petitioner explains that she sent an email to the Office of Administrative Hearings asking how to document and submit exhibits of sworn statements of witnesses and that she never received a reply to that email. Petitioner contends that the ALJ did not develop a full and fair inquiry into the facts because, in petitioner's view, the ALJ knew that petitioner had evidence that was favorable to her case and the ALJ did not ask her questions about that evidence. *See Berwick v. AFSD*, 74 Or App 460, 466, 703 P2d 994, *rev den*, 300 Or 332 (1985) (explaining that hearings officers must assist unrepresented claimants "in part by following up on potentially favorable lines of inquiry and in part by helping claimants present their evidence in its best light").

We disagree with petitioner's argument. Even if petitioner's emails to the staff of the Office of Administrative Hearings put the ALJ on notice that petitioner had additional evidence that she wanted to submit, the ALJ gave petitioner an opportunity to bring up any additional evidence at the hearing. At the end of petitioner's testimony, the ALJ asked petitioner if there was "[a]nything you want to add

or fill in or, you know, let us know?" Petitioner responded, "There is nothing else that I would like to add at this time, Your Honor." Thus, the ALJ gave petitioner an opportunity to continue testifying or to bring up any evidence that she was unable to submit. Furthermore, a review of the record shows that the ALJ assisted petitioner throughout the proceeding, including with procedural and evidentiary requirements because she was self-represented. Therefore, we conclude that the ALJ complied with the requirements of ORS 183.417(8). Finally, even if the ALJ erred, it is not clear that any procedural error in developing the record impacted the fairness of the proceeding given that petitioner ultimately submitted 11 exhibits—including a letter from her licensing supervisor that addressed the allegations—and petitioner's lack of effort to explain how additional evidence would have made a difference.

Finally, petitioner argues in the fifth assignment of error that, in violation of *Koller v. Veterinary Medical Examining Board*, 243 Or App 639, 258 P3d 1285 (2011), the statement of fees and costs does not include a "full accounting" of costs or an "explanation" of the hourly rate of the individuals who performed work on the case. The bill of costs in this case contains the required information, including the number of hours worked by each individual and the total cost of their time. *See Carroll v. Dept. of Public Safety Standards*, 285 Or App 556, 567 n 10, 396 P3d 938 (2017), *rev dismissed*, 363 Or 600 (2018) (affirming a challenge to costs when the order described the "hourly rate and the number of hours for Department of Justice attorneys and paralegals and Office of Administrative Hearings ALJs and staff"). Therefore, we reject petitioner's fifth assignment of error.

Affirmed.